UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jason Foreman**<br>310 North Main Street<br>Greensboro MD 21639<br><br>Plaintiff,<br><br>v.<br><br>**Department of the Navy,**<br>**Richard V. Spencer**<br>1000 Navy Pentagon, Room 4D652<br>Washington, DC 20350<br><br>Defendant. | Civ. No. 18-367 |

## COMPLAINT

COMES NOW Plaintiff Joshua Foreman, by and through counsel, and for his Complaint does state:

## NATURE OF THE ACTION

1. Foreman seeks judicial review of the August 10, 2015, Board for Correction of Naval Records ("BCNR") Decision, which denied Foreman's request for reconsideration of his military records correction on the grounds that the evidence in his application for records correction did not prove probable material error or injustice.

2. Foreman now challenges the August 10, 2015, BCNR decision pursuant to the Administrative Procedures Act ("APA") on the grounds that the decision is arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

## JURISDICTION AND VENUE

3. This Court possesses jurisdiction to review a final decision by a military record correction board pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*.

4. Proper venue is laid in this Court pursuant to 28 U.S.C. § 1391(e)(1), as the Secretary of Navy is located in Washington, DC.

5. This action is timely as it is brought within six years of the August 10, 2015, decision pursuant to 28 U.S.C. § 2401(a).

## PARTIES

6. Foreman served in the Unites States Marine Corps ("USMC") from November 7, 2000, to December 11, 2003. Foreman was discharged under "other than honorable" conditions, at the rank of Private and pay grade of E-1.

7. Defendants are the United States Department of the Navy, and Richard V. Spencer, Secretary of the Department of the Navy, named in his official capacity.

## FACTUAL ALLEGATIONS

8. Foreman served in the USMC from November 7, 2000, to December 11, 2003.

9. The Department of the Navy recognizes that Foreman suffered from iliotibial band syndrome[1], and that he received psychiatric diagnosis for occupational problems and personality disorder while on active duty.

---

[1] "Iliotibial band syndrome…is an overuse injury of the connective tissues that are located on the lateral or outer part of thigh and knee. It causes pain and tenderness in those areas, especially just above the knee joint… If the symptoms are ignored, the inflammation can continue and scarring develop in the bursa, decreasing knee range of motion and causing increasing pain with decreasing activity." Benjamin Wedro, *Iliotibial Band Syndrome*, Medicine Net (Jan. 30/2018, 3:17 PM), https://www.medicinenet.com/iliotibial_band_syndrome/article.htm#iliotibial_band_it_band_syndrome_facts.

10. Even though Foreman was discharged under less than honorable circumstances, the USMC had awarded him three decorations: National Defense Service Medal, Sea Service Deployment Ribbon, and Presidential Unit Citation.

11. Foreman's records from the USMC reveal that he suffered from iliotibial band syndrome while on active duty, and that he was given waivers for certain activities.  This aggravated his condition and he was not given the proper opportunity to recover from this condition because he was deployed after being diagnosed.

12. USMC records recognize that shortly before the time of his Special Court Martial (July 2003) Foreman had experienced significant personal and service-connected stressors.

13. Foreman spoke with a USMC psychologist concerning these stressors and expressed a desire to harm himself and others, including Non-Commissioned Officers.

14. Following this, the USMC convened a board of clinical psychologists. This board did not discuss whether Foreman suffered from Post-Traumatic Stress Disorder ("PTSD"), and only decided that he was not legally insane.

15. A Special Courts Martial found Foreman guilty of threats against Non-Commissioned Officers and gave him confinement for five months with all time in excess of ninety days suspended for twelve months but did not discharge Foreman.

16. The USMC placed Foreman on suicide watch during his confinement, but still refused to recognize that he had mental disabilities.

17. After leaving confinement, Foreman continued to suffer from the effects of his personality disorders.

18. In addition to these mental disorders, Foreman was being reevaluated for his iliotibial band syndrome, and the reviewing officer made an initial determination that Foreman was physically unfit for full duty.

19. On December 11, 2003, the USMC discharged Foreman for a pattern of misconduct. This discharge was not part of the punishment from his earlier Special Court Martial.

20. Because of his discharge, the USMC ceased medical reviews of Foreman, and so failed to gain further medical and physiological insights into his existing conditions.

21. During the separation process, military personnel informed Foreman that his discharge would automatically be upgraded after a certain period. This statement turned out to be false, and Foreman was denied GI Bill benefits in the summer of 2011.

22. In 2012, Foreman filed form DD149. He asked the Department of the Navy's Board for Correction of Naval Records ("BCNR") to change his discharge from Other than Honorable to a General discharge and requested a Physical Evaluation Board ("PEB") to determine his disability rating for his service connected medical conditions which include iliotibial band syndrome, personality disorders, adjustment disorder, and PTSD.

23. The Veterans Administration ("VA") never produced Foreman's VA claims records, even though the BCNR requested them on several occasions. As a result, the BCNR refused to correct his records or make any further inquiries into his mental and physical disabilities.

24. Because the BCNR "misplaced" Foreman's file it did not make a final decision on his form DD149 until April 16, 2015, (three years after his initial application). The BCNR did not notify Foreman of this decision until August 10, 2015.

## **CLAIM FOR RELIEF**

25. Foreman re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as fully set forth herein.

26. The BCNR's August 10, 2015, decision denying Foreman further consideration of his claim was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. In light of the evidence submitted and Foreman's known experiences during service, the BCNR should have fully developed Foreman's claim for disability resulting from mental disorders and iliotibial band syndrome and should review the status of his discharge.

27. Given the evidence of Foreman's physical and mental disorders present before, during, and after his Special Court Martial, Foreman should have been sent to a military medical examination board prior to his discharge. Or, in the alternative, received physical and mental health treatment and care during his exit medical examination.

28. As Foreman was not provided any final mental or physical health evaluation prior to his discharge and the obvious connection between his service and his inability to recover from his iliotibial band syndrome and service-connected mental health issues, the BCNR arbitrarily and capriciously refused to consider the claim.

29. The BCNR arbitrarily and capriciously failed to execute its duties under 10 USC 1552(a)(3)(C) as explained under our Superior Court's case in *Haselwander v. McHugh*, 774 F.3d 990, 996 (Ct. App. D.C. Cir. 2014) to examine this matter in equitable fashion and find and review documents that were not presented by the Veteran but were in control of the military, e.g., why was an MEB not ordered for Complainant prior to his discharge, why did the BCNR not obtain all of Complainant's Department of Veterans Affairs' medical records, *inter alia*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Foreman, through Counsel, prays this Court to enter judgment in favor of the Foreman as follows:

30. Holding the August 10, 2015, BCNR decision arbitrary and capricious, unsupported by substantial evidence, and contrary to law.

31. Order an immediate upgrade to Petitioner's discharge in the form of a medical discharge consistent with his medical conditions and the VASRD;

    a. Or in the alternative, Order an immediate upgrade to Petitioner's discharge in the form of an Honorable Discharge;

    b. Or in the further alternative, remanding the case to the BCNR for full and good faith consideration on the merits; including an evaluation of a) the connection between Foreman's service and the current disabling conditions; b) the prejudice created by the failure of the USMC to complete a final mental and physical review of Foreman before discharge; and c) all other previously presented claims that the BCNR has not properly considered.

32. Awarding Plaintiff his costs and attorney's fees; including Equal Access to Justice Act fees.

33. Granting such other relief as the Court deems just and proper.

Respectfully Submitted,
/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Law Office of Michael D. J. Eisenberg
Counsel for Plaintiff
700 12th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice